UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY, a Minnesota
corporation,

    Plaintiff,

v.                                                              Case No. 05-72867

LIBERTY TITLE AND ESCROW                     HONORABLE AVERN COHN
SERVICES, LLC, a/k/a Liberty Title Agency,
Inc., a Michigan limited liability company,
and RON EDWARDS, an individual,

    Defendants.

_____/

# MEMORANDUM AND ORDER DENYING
# PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
# AND PERMANENT INJUNCTION[1]

## I. Introduction

This is a trademark case. Plaintiff Old Republic National Title Insurance Company (Old Republic) is suing Defendants Liberty Title and Escrow Services, LLC (Liberty Title) and Ron Edwards (Edwards), Liberty Title's registered agent, for trademark infringement under the Lanham Act, 15 U.S.C. § 1051 et seq.

Before the Court is Plaintiff's Motion for Default Judgment and Permanent Injunction. For the reasons that follow, the motion is DENIED.

---

[1] The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

## II. Background

Old Republic is in the business of underwriting real estate title insurance policies. It has used the mark OLD REPUBLIC to advertise the sale of its title insurance policies since its incorporation in 1907.  In addition to the common law mark OLD REPUBLIC, Old Republic has two federally registered trademarks filed with the United States Patent and Trademark Office:

(1)   Registration No. 1,825,462:   

(2)   Registration No. 1,826,586:   

Old Republic says that in May 2005, Liberty Title issued at least three title insurance commitments for three parcels of real property located in Oakland County, Michigan and identified Old Republic as the title insurance underwriter for each of the commitments.  Old Republic says that Liberty Title is not and never has been an agent of or otherwise affiliated with Old Republic.

On July 21, 2005, Old Republic filed suit against Liberty Title and Edwards.  After several failed attempts to serve defendants, the Court on September 1, 2005 entered an order for alternate service.  On September 6, 2005, defendants were served by certified first-class mail as authorized by the order for alternate service.  On September 8 and 9, 2005, Officer Beth Priestly from the Swartz Creek, Michigan, police department contacted Old Republic's counsel and indicated that Liberty Title's office appeared to be unoccupied.  On September 12, 2005, Tracy Zawaski (Zawaski), an attorney with

Rader, Fishman, and Grauer contacted Old Republic's counsel and indicated that she would be representing Liberty Title in this action.

Liberty Title has not filed an answer to the complaint, and Old Republic says that Zawaski has not returned phone calls inquiring about the status of Liberty Title's answer. On October 11, 2005, Old Republic filed the instant motion. It seeks a default judgment against Liberty Title only.[2] Old Republic asks the Court to enter a permanent injunction against Liberty Title enjoining it from using the OLD REPUBLIC mark and awarding Old Republic its attorney fees.

### III. Discussion

### A. Legal Standard

Under the Federal Rules of Civil Procedure, when a party has failed to plead or otherwise defend, the clerk of the court, after being advised through an affidavit of the party's failure to plead or defend, shall enter the party's default. FED. R. CIV. P. 55(a); E.D. Mich. LR 55.1. Prior to obtaining a default judgment under Fed. R. Civ. P. 55(b)(1) or (b)(2), there must be a clerk's entry of default under Rule 55(a). CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE: Civil 3d § 2682 (1998).

---

[2] Old Republic says that Edwards has not been located and has not been served with the complaint. Old Republic says that it intends to voluntarily dismiss the complaint against Edwards without prejudice.

3

## B. Analysis

The docket does not indicate that Old Republic has sought a clerk's entry of default against Liberty Title. Accordingly, its claim for a default judgment and preliminary injunction is premature. Old Republic must first obtain a clerk's entry of default before moving the court for a default judgment under Fed. R. Civ. P. 55(b).

SO ORDERED.

                                                                        s/Avern Cohn
                                                                         AVERN COHN

Dated: December 12, 2005                    UNITED STATES DISTRICT JUDGE
     Detroit, Michigan